## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>VERSUS<br><br>AMERICAN COMMERCIAL LINES, LLC<br>AND D.R.D. TOWING COMPANY, LLC,<br>       Defendants. | CIVIL ACTION<br><br>NO. 11-2076<br><br>SECTION "B" – (2)<br><br>Judge:<br>IVAN L.R. LEMELLE<br><br>MAGISTRATE JUDGE:<br>JOSEPH C. WILKINSON, JR. |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REVIEW THE MAGISTRATE JUDGE'S RULING DENYING LIMITED, EXPEDITED DEPOSITIONS OF MS. DONNA HELLBERG AND MR. THOMAS MORRISON**

MAY IT PLEASE THE COURT:

### PRELIMINARY STATEMENT

Defendant, American Commercial Lines LLC ("ACL"), has been sued by Oil Mop, LLC ("Oil Mop") in an action set for a trial to commence before the Honorable Eldon Fallon on March 18, 2013 (Docket No. 11-00089, R.Doc. 157).[1]  ACL seeks to depose Ms. Donna Hellberg and Mr. Thomas Morrison, employees of the National Pollution Funds Center ("NPFC") concerning payments made by the NPFC to Oil Mop.  Although the United States admits that those payments are part of the sums it seeks to recover from ACL in this action and that both witnesses will have to submit to depositions in this action regarding those payments, it has resisted ACL's attempts to conduct the depositions for use in the action before Judge Fallon.

---

[1] ACL has filed a unopposed motion to continue the trial date for 90 to 120 days (Docket No. 11-00089, R. Doc. 220).  This motion was granted on February 4, 2013.  The pretrial conference and bench trial are continued without date, to be reset by the Court.

{N2584901.1}                                                1

On January 23, 2013, Magistrate Judge Joseph C. Wilkerson, Jr. denied ACL's motion seeking permission to conduct limited, expedited depositions of Ms. Hellberg and Mr. Morrison. *See* R. Doc. 71.  ACL respectfully submits this memorandum of law in support of an application for review of the Magistrate Judge's order.

## FACTUAL BACKGROUND

This action and the action brought by Oil Mop, arise out of an oil spill that occurred on the Mississippi River in the early morning hours of July 23, 2008, when a barge owned by ACL collided with the vessel M/V TINTOMARA.  ACL was designated by the United States Coast Guard as a potential responsible party under OPA.  Oil Mop was one of the companies engaged by ACL to clean up the spill.

Pursuant to its contract with Oil Mop, ACL engaged Maritime Alliance Group, Inc. ("MAGI") to audit the invoices provided by Oil Mop.  As a result of the audit, numerous issues, including apparent mistakes, overcharges and/or failures to submit required supporting documentation were noted by MAGI with respect to Oil Mop's invoices.  For instance, Oil Mop failed or refused to produce copies of the federally required I-9 forms and hazwoper certificates evidencing that its labor force was legally entitled and properly trained to perform the clean-up as required by both the governing law and the contract between ACL and Oil Mop.  The audit also revealed that Oil Mop's invoices contained charges for laborers for whom per diem logs were not provided as well as other missing documentation, unsupported charges, duplicate charges, improper rates and mistakes and inaccuracies totaling in excess of $3,900,000.  Despite requests from MAGI, Oil Mop never addressed these issues raised by the audit.

Instead, Oil Mop filed claims with the NPFC for the disputed amounts and received substantial payments from the NPFC.

## PROCEDURAL BACKGROUND

Oil Mop Action

Despite receiving considerable payment from the NPFC, Oil Mop brought suit in the Eastern District of Louisiana seeking to recover $237,484.35 (Docket No. 11-00089, R.Doc. 1). Oil Mop contends that at least part of the services it allegedly rendered in connection with the cleanup were provided to defendant SESL and that Oil Mop's invoices to SESL were not paid in full. Oil Mop alleges that defendant American Commercial Lines, Inc. ("ACL-Inc.") and SESL constituted a "single business enterprise" rendering both ACL-Inc. and SESL liable for the unpaid sums. SESL and ACL-Inc. deny Oil Mop's contentions and specifically deny that any of the services provided by Oil Mop were rendered pursuant to a contract with SESL. Defendants contend that Oil Mop's services were all provided under a contract between Oil Mop and ACL (Docket No. 11-00089, R.Doc. 5). Accordingly, ACL obtained leave of the court to intervene and to assert a counter-claim for excess payments made to Oil Mop by ACL and the NPFC (Docket No. 11-00089, R.Doc. 55).

ACL, SESL and ACL-Inc. contend that the $237,484.35 sought by Oil Mop represents only a small portion of the overall invoice charges submitted by Oil Mop which the MAGI auditors found questionable and/or unsupported. It is contended that based upon the audits: 1) Oil Mop has already been paid (by ACL's insurers and the NPFC) more than it is entitled to under the governing contract; 2) Oil Mop is not entitled to any further compensation for its participation in the clean-up efforts; and 3) Oil Mop is liable to ACL for those amounts paid to Oil Mop by ACL's insurers and the NPFC in excess of what was due to Oil Mop under the contract.

The issues surrounding the overpayments to Oil Mop include whether Oil Mop breached its contract with ACL by utilizing workers that did not have valid federal I-9 certificates or workers that did not have the proper certification for handling hazardous waste. In response to ACL's allegations with respect to the laborers, Oil Mop filed a third-party complaint against thirteen of its sub-contractors who provided labor for the clean-up. The Court has severed and stayed the third party action against the sub-contractors. Recent analysis demonstrates that ACL paid over $8,000,000 to Oil Mop for laborers who either did not have valid I-9 forms or appropriate hazwoper certificates.

In early August 2012, ACL served subpoenas on Ms. Hellberg and Mr. Morrison calling for their depositions to be held on October 10 and 11 in Washington, D.C (Exh. 1).[2] The United States moved to quash the subpoenas (Docket No. 11-00089, R.Doc. 161) and the motion was granted by Magistrate Judge Knowles on the grounds that the subpoenas were defective because they did not identify the district court out of which they had been issued (Docket No. 11-00089, R.Doc. 176). A motion for review was filed before Judge Fallon (Docket No. 11-00089, R.Doc. 185). Although no formal order has ever been entered, during a telephonic status conference on November 27, the Court orally advised that the motion was denied.

On October 15, 2012, Oil Mop moved for Summary Judgment against ACL and the defendants (Docket No. 11-00089, R.Doc. 180). The motion was supported by four declarations from Ms. Hellberg. On December 11, 2012, the United States filed a Statement of Interest in support of Oil Mop's motion (Docket No. 11-00089, R.Doc. 211) and counsel for the United States appeared at the oral argument the next day.

---

[2] A third subpoena calling for production of documents by the NPFC has been responded to by the United States.

On December 7, new subpoenas were issued out of the United States District Court for the Eastern District of Virginia (where the NPFC's offices are located) calling for the depositions to be held on January 3 and 4, 2013 (Exh. 2). Again the United States moved to quash the subpoenas. Applying the Administrative Procedure Act ("APA"), rather than Rule 45 of the Federal Rules of Civil Procedure, the Magistrate Judge in the Eastern District of Virginia granted the motion to quash (Exh. 3). ACL has filed a motion to review the Magistrate Judge's ruling on the grounds that the motion should have been decided under Rule 45 rather than the APA (Exh. 4).[3]

United States Action

Subsequent to the commencement of the Oil Mop action, the United States brought this action against ACL seeking to collect moneys under OPA, including the payments made to Oil Mop (R.Doc. 1). ACL filed an answer denying liability, in part on the grounds that the payments to Oil Mop and the other clean-up companies were in excess to what they were entitled to under the contract between the clean-up companies and ACL (R.Doc. 10). ACL filed a third-party action against the other two clean-up companies who filed claims with, and received substantial payments from, the NPFC (R.Doc. 11). The third-party action alleges overpayments on the same grounds as the counterclaim asserted in the Oil Mop action.

The United States and the two clean-up companies have filed motions to dismiss the third-party action (R.Docs. 31, 32 and 35). Additionally, ACL filed parallel motions asking the Court to either stay this action (R.Doc. 28) or to lift the stay in place in a declaratory judgment action (Civil Action No. 09-4466) ACL brought against D.R.D. Towing Company, LLC

---

[3] While a prompt decision enforcing the subpoenas might well moot this motion, out of an abundance of caution, ACL is filing this motion to preserve its rights in this action.

("DRD") seeking a declaration that the bareboat charter and fully found charter of the MEL OLIVER were void *ab initio* (Docket No. 08-04007, R.Doc. 1401). All of the motions are still pending[4] and this action is inactive pending decision by the Court. No Rule 26(f) conference has been held and disclosures and discovery have not commenced.[5]

## ARGUMENT

### Point I

### STANDARD OF REVIEW

"A pretrial order of a magistrate judge under 28 U.S.C. § 636(b)(1)(A) regarding a nondispositive matter is reviewable by the district court under the 'clearly erroneous and contrary to law standard.'" *Redmond v. Poseidon Pers. Sevs, S.A.*, Civ. A. No. 09-2671, 2009 WL 3486385, at *2 (E.D.La. Oct. 23, 2009) (quoting Fed.R.Civ.P. 72(a)); *see Greenwell v. Raytheon Aerospace, Inc.*, Civ. A. No. 95-2138, 1996 WL 285279 (E.D.La. May 29, 1996). "The party challenging the magistrate judge's action in a non-dispositive matter has the burden of 'showing that the Magistrate's ruling was clearly erroneous or contrary to law.'" *Redmond*, 2009 WL 3486385 at *2 (citations omitted). "Under the 'clearly erroneous' standard, the district court can reverse the decision of the magistrate judge if, based ' 'on the entire evidence, [the district court] is left with a definite and firm conviction that a mistake has been committed.' ' " *Id.* (citations omitted).

ACL respectfully submits that the Magistrate Judge erred in granting the motion to quash the subpoena as the order was not based on the appropriate legal test under Rule 26(d)(1) of the Federal Rules of Civil Procedure. This Court should reverse the January 23 order of the

---

[4] ACL has recently filed a motion to withdraw the motion for a stay (R.Doc. 76).
[5] ACL has requested the parties to schedule and conduct a Rule 26(f) conference.

{N2584901.1}   6

Magistrate Judge and direct the depositions of Mr. Morrison and Ms. Hellberg to go forward at a time and place agreed between counsel.

**Point II**

**ACL SHOULD BE ALLOWED TO CONDUCT LIMITED, EXPEDITED DEPOSITIONS OF MS. HELLBERG AND MR. MORRISON**

Magistrate Judge Wilkinson based his analysis on the facts that ACL's efforts to conduct the depositions of Ms. Hellberg and Mr. Morrison had "been rejected three times, twice by this court, … and once by the United States District Court for the Eastern District of Virginia" and that unrelated "[m]otions to stay, dismiss and transfer the instant case … are currently pending." With due respect to the Magistrate Judge, neither of those reasons were relevant to the motion for limited, expedited discovery.

None of the rejections of the subpoenas in the Oil Mop action addressed the propriety of limited, expedited discovery *in this case* under Rule 26(d)(1).  Magistrate Judge Knowles' order quashing the subpoenas (Docket No. 11-00089; R.Doc. 161), which was affirmed by Judge Fallon, was based on a technical defect in the subpoena because it did not identify the district which had issued the subpoena.  The Magistrate Judge's decision to quash the subpoena in the Eastern District of Virginia was based on the APA, and not on the Federal Rules of Civil Procedure.

Further, while there are several motions pending in this action, no order has been entered precluding discovery in this case, especially of testimony that will have to be taken at some point regardless of how the various pending motions are decided.

The motion should have been decided under Rule 26(d)(1) of the Federal Rules of Civil Procedure which authorizes this Court to order Ms. Hellberg and Mr. Morrison to appear for a

limited, expedited deposition even though a Rule 26(f) conference has not been held.  "[C]ourts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Energy Prod. Corp. v. Northfield Ins. Co.*, No. 10-0933, 2010 WL 3184232, at *3 (E.D.La. Aug. 6, 2010).  In light of the fact that this action has been pending for more than a year and that the United States has been aware of ACL's need to conduct the depositions in connection with the pending action by Oil Mop, it is appropriate for the Court to enter an order requiring Ms. Hellberg and Mr. Morrison to appear for an expedited deposition limited to the factual issues pending in the Oil Mop action.[6]

There is no doubt that the witnesses will eventually have to testify on the same factual issues in this action.  The United States concedes that the payments made by the NPFC to Oil Mop which are the subject of ACL's counterclaim in the Oil Mop action are also the subject of this action against ACL.  While the United States asserts that it wastes agency resources to have the witnesses testify twice, they will not have to testify twice on the factual issues in dispute in the Oil Mop action.  ACL has committed to not question the witnesses on the same areas in any subsequent deposition in this action.  Further, although Judge Fallon has issued an Order granting ACL's Motion for Continuance of Trial in the Oil Mop action, it is possible that by the time the depositions of the witnesses are taken in this action, the factual disputes relating to Oil Mop will already have been resolved.  In any event, neither the Federal Rules of Civil Procedure nor the *Touhy* regulations prevent an employee of the NPFC from being deposed multiple times if the Court schedules require it.  Unless the unopposed motion to adjourn the trial date is

---

[6] The depositions would not inquire as to the payments made to the other clean-up companies or to third-party claimants.

granted, the action by Oil Mop is scheduled for a final pre-trial order on February 25, 2013 and is scheduled for trial on March 18, 2013. Since this action by the United States is currently inactive, absent the requested order from the Court, the testimony of the witnesses may be taken too late to be of any use to ACL and SESL in the Oil Mop action.

Finally, the Government has already allowed Ms. Hellberg to present four declarations in support of Oil Mop's motion for summary judgment. The declarations explain that Ms. Hellberg was involved in processing claims arising out of this spill and the type of documents she relies upon. These are some of the very areas on which ACL seeks to depose Mr. Morrison and Ms. Hellberg. In addition to those declarations, the United States has inserted itself in the Oil Mop action by filing a Statement of Interest and participating in the oral argument on Oil Mop's motion for summary judgment. Basic fairness requires that the witnesses be ordered to appear for depositions.

## CONCLUSION

ACL's motion for review of the January 23 Order of Magistrate Judge Wilkinson should be granted and an order should be entered allowing ACL to take limited, expedited depositions from Ms. Hellberg and Mr. Morrison of the NPFC.

This 5th day of February, 2013

Respectfully submitted,

*/s/  Glenn G. Goodier*

GLENN G. GOODIER (#06130), T.A.
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue — 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8174; Fax:  (504) 582-8010
ggoodier@joneswalker.com
rbertram@joneswalker.com
*Attorneys for American Commercial Lines LLC, Defendant*

OF COUNSEL:

John A. V. Nicoletti
Terry L. Stoltz
Nicoletti, Hornig & Sweeney
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY  10005-1801
Telephone: (212) 220-3830
Fax:  (212) 220-3780
E-mail:   jnicoletti@nicolettihornig.com
              tstoltz@nicolettihornig.com

## CERTIFICATE OF SERVICE

   I do hereby certify that I have on this 5th day of February, 2013 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing, facsimile, hand delivery, and/or by mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Glenn G. Goodier*
GLENN G. GOODIER